[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO RECONSIDER (#199) ET. AL.
The marriage of the parties was dissolved by decree of this court on September 12, 2001. Subsequent thereto, the defendant husband ("husband") filed a Motion for Reconsideration (#199) dated September 24, 2001, two Motions for Clarification (#200 and 201), together with a Motion to Reopen Judgment (#205) dated October 22, 2001. For her part, the plaintiff wife ("wife") has filed two Motions for Contempt (#202 and #203) dated September 27, 2001, as well as a Motion for Reconsideration (#204) dated the same date. The court scheduled a hearing on December 14, 2001, at which both parties and their counsel were present, and at which all motions were addressed. The court having heard the testimony of the parties and the arguments of counsel hereby makes the following findings and enters the following orders:
As to Motion for Reconsideration (#199):
1. That the court finds it to be equitable and appropriate to grant the husband's motion in part.
2. Commencing January 1, 2002, and monthly thereafter, the husband may satisfy the balance of his obligation to Attorney Amendola at the rate of $500.00 per month for the months of January, February, March, and April with a final payment in full of the then remaining balance on May 1, 2002; as to the balance of his obligation to Attorney Wynn, commencing January 1, 2002, and monthly thereafter, the husband may satisfy same at the rate of $1,000.00 per month for the months of January, February, March, and April with a final payment in full of the then remaining balance on May 1, 2002; and the debt to Memorial Sloan-Kettering, commencing January 1, 2002, and monthly thereafter, the husband may satisfy same at the rate of $500.00 per month for the months of January, February, March, and April with a final payment in full of the then remaining balance on May 1, 2002. In addition thereto, as to the Memorial Sloan Kettering debt the husband shall indemnify and hold the wife harmless from any further liability thereon, and he shall provide the wife with satisfactory evidence of payment in full.
3. The Motion is HEREBY GRANTED IN PART and DENIED IN PART consistent with the foregoing.
As to Motion for Clarification I (#200):
CT Page 414
1. That the court's order is sufficiently clear and that to amend same would be an impermissible modification of a property division in contravention of § 46b-86 (a) C.G.S.
2. The Motion is HEREBY DENIED.
As to Motion for Clarification II (#201):
1. That through an oversight the court did not address the division of the proceeds from the $3,000 insurance check currently held in escrow by the wife's attorney.
2. It is HEREBY ORDERED that within one (1) week from the date of this order, the proceeds, together with interest if any, shall be divided equally by the parties.
As to Motion for Contempt (#202):
1. That with the exception of the September alimony and support payment the evidence offered to the court predated the Memorandum of Decision and was inadmissable.
2. That there is no present arrearage in alimony and support; and that the husband has been in substantial compliance with the orders of the court.
3. That the actions of the husband do not constitute willful contempt.
4. The Motion is HEREBY DENIED.
As to Motion for Contempt (#203):
1. That the basis for the motion is now moot.
2. The Motion is HEREBY DENIED.
As to Motion for Reconsideration (#204):
1. That § 52-362 (b) C.G.S. provides that a court "shall" enter an immediate income withholding order "when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding."
2. That the court has discretion to enter a contingent income withholding order either pursuant to an agreement or for cause. CT Page 415
3. That there is no agreement between the parties.
4. That in order to make a finding of cause, the court must (a) make awritten determination that an immediate income withholding order is notin the best interest of the minor child; and (b) there must be proof of timely prior payments.
5. That the hearing re the wife's Motion for Contempt (#202) is an enforcement proceeding within the meaning of the act.
6. That the court is unable to make a finding that an immediate income withholding order is not in the best interest of the minor children.
7. For the foregoing reasons, the Motion is HEREBY GRANTED and an immediate income withholding order shall enter pursuant to § 52-362
(b) C.G.S. to secure the financial orders of the court.
As to Motion to Reopen Judgment (#205):
1. That after hearing the testimony and evidence, the court is satisfied that because the debt has not been paid in full:
A. All collection efforts have not ceased and are only in abeyance;
B. The credit of the wife is likely to have been impaired; and
C. Future treatment for her medical condition could well be jeopardized.
2. The Motion is HEREBY DENIED.
SO ORDERED.
THE COURT
SHAY, Judge.